**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDA J. BURCH,

      Plaintiff-Appellant,

v.

ALLSTATE INSURANCE
COMPANY,

      Defendant-Appellee.

No. 95-6352
(D.C. No. CIV-94-673-C)
(W. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **EBEL,** Circuit Judges.

      This is an appeal from a judgment entered in favor of an insurer in an

action brought by an insured seeking payment of benefits under the

uninsured/inderinsured benefits portion of an insurance policy.  The district court

held that under *Buzzard v. Farmer's Ins. Co.*, 824 P.2d 1105 (Okla. 1991), an

underinsured motorist carrier is not obligated to pay the portion of the insured's

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

damages that would have been covered by the tortfeasor's liability coverage limits. The insured appealed.

Under the Uniform Certification of Questions of Law Act, Okla. Stat. tit. 20, §§ 1601, *et seq.* (1991), we certified to the Oklahoma Supreme Court the following question: "When an insured's damages in an automobile accident exceed a tortfeasor's liability limits and the insured seeks payment for damages directly from its underinsured motorist (UIM) carrier, is the UIM carrier liable for the entire amount of the insured's claim when the liability and UIM coverage are provided by the same carrier but the statute of limitations period has expired on the liability claim?" The Supreme Court of Oklahoma, on the facts submitted to it by our court in the certification, held that the answer under Oklahoma law is "Yes." *Burch v. Allstate Ins. Co.*, No. 88,546, 1998 WL 917312 (Okla. Dec. 22, 1998).

In light of the response under Oklahoma law, which controls, we **REVERSE** the judgment entered by the district court and **REMAND** for reconsideration and further proceedings. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-2-